IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ALICIA RICHARDSON, Individually and as
Administratrix of the Estate of
SANDY OSBURN, Deceased                                              PLAINTIFFS

v.                              No. 1:10-cv-42-DPM

NAVISTAR, INC.; INTERNATIONAL TRUCK
AND ENGINE CORPORATION; and NAVISTAR
INTERNATIONAL TRANSPORTATION CORP.                    DEFENDANTS

ORDER

To keep the case on track, the Court needs to rule now on Richardson's 7 February 2012 motion to either strike Navistar's summary-judgment papers or get more time to respond. Navistar has not been heard. But the issues are clear.

1. Navistar's 103-page brief is far too long. The Court nevertheless declines to strike it. The Court has not imposed any page limits — until now. The Court reminds counsel that, as Judge Richard S. Arnold was fond of saying, "brief" is an adjective as well as a noun.

2. Navistar's Local Rule 56.1 statement is neither concise nor helpful in winnowing the undisputed *material* facts from the genuinely disputed ones.

The statement also lacks citations to the summary-judgment record, although this omission is partly cured by the numerous record citations in the brief. Record citations in the statement are not prescribed by the Local Rule, but tradition and good practice strongly encourage them. Based on the statement's defects, the Court strikes it.

   **3.** Navistar must file a substituted statement by 17 February 2012. This substituted statement must conform to these conditions:

- It may not exceed twenty-five pages;

- It must contain citations to specific pages of the summary-judgment record;

- it must contain material undisputed *facts*, not arguments or commentary; and

- it must be presented in single-sentence, numbered paragraphs.

Navistar shall also send the substituted statement in Word or Wordperfect to Richardson. Richardson must copy it and respond in interrogatory-answer fashion — with single-sentence answers also supported by citations to specific pages of the summary-judgment record. Richardson's responding statement must not exceed fifty pages. The deadline for Richardson's responses to Navistar's motion for summary judgment, related brief, and substituted statement is extended until 27 February 2012. Navistar may file a fifteen-page

reply by 6 March 2012.

**4.** Navistar's filing of its voluminous summary-judgment papers a few hours late is an insufficient reason for the Court to deny that motion. Motion to strike, *Document No. 91*, granted in part and denied in part.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

9 February 2012